IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES SULTAN,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                )    Case No. 3:17-CV-418 -MAB
                                   )
STEPHEN DUNCAN, et al.,            )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This case came before the Court on February 19, 2020 for a discovery dispute conference (*see* Doc. 168). Plaintiff Charles Sultan ("Plaintiff") is represented by Edward Dowd, Jr., Jeffrey Hoops, and Carlos Marin. The IDOC Defendants are represented by Assistant Attorney General Jeanine Armstrong.

At the discovery dispute conference, the Court ruled on the record for nearly all of the disputed discovery issues, but ordered supplemental briefing on one specific matter: the discoverability of certain categories of documents within the master file of inmate Robert Esther, who Plaintiff claims attacked him. The categories of documents at issue implicate the mental health and treatment of Mr. Esther. Plaintiff submitted his brief in the form of a motion to compel on February 28, 2020 (Doc. 174). The IDOC Defendants filed their response on March 4, 2020 (Docs. 175-76).

After reviewing the briefs and the legal authorities cited therein, the Court set the matter for a follow-up hearing to ask the parties some additional questions (Doc. 184).

Plaintiff's motion, and his position, relies heavily on *McCroy v. Illinois Dep't of Corr.*, No. 02-CV-3171, 2006 WL 8077033 (C.D. Ill. May 12, 2006). The IDOC Defendants relied generally on HIPAA and 740 ILCS 110 *et seq. (*Mental Health and Developmental Disabilities Confidentiality Act). The IDOC Defendants' objections to the requested discovery are blanket objections that do not appear to demonstrate a working knowledge of the specifics of the documents they seek to avoid producing (*See* Doc. 174-1, p. 4).

In *McCroy*, the plaintiff sought the production of "[t]he complete IDOC file for the other inmate involved in the September 23, 2004 incident." *McCroy*, 2006 WL 8077033 at *4. As a general matter, the Court in *McCroy* noted the fact the master file "is required to be kept confidential under this statute [730 ILCS 5/3-5-1(b)] does not prohibit disclosure to a party pursuant to a court order, and documents in master files have been produced in civil and criminal cases, including by prison officials when needed for their defense." *Id*. at *2 (citing *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989) (rejecting defendants' argument that documents in master file supported discipline); *De La Paz v. Peters, III,* 959 F.Supp. 909, 911 (N.D. Ill. 1997) (defendants relied on master file as exhibit in summary judgment motion); *Zimmerman v. State of Illinois,* 1994 WL 868068, at *7 (Ill. Ct. Cl. 1994) (not reported in N.E.2d)(recounting information of inmate's history of violence in master file); *Dykes v. Morris,* 85 F.R.D. 373 (N.D. Ill. 1980); *People v. West,* 697 N.E.2d 1216, 1220 (Ill. App. Ct. 1998) ("master record file is a public record and thus may be admitted under an exception to the hearsay rule")). Ultimately, the Court granted the plaintiff's motion to compel with regard to this request, reasoning that the "master file of the inmate who allegedly attacked the plaintiff may hold evidence relevant to that inmate's history of

violence, and thus to the defendant's knowledge of that inmate's violent propensities (if any)." *McCroy*, 2006 WL 8077033, at *4 (citing *Zimmerman,* 1994 WL 868068, at *7). In so doing, the court directed the production of the master file for the other inmate with an attorney's eyes only designation and noted that it would entertain an *in camera* review if issues came up with specific documents in the production. *McCroy*, 2006 WL 8077033, at *4.

As provided in detail on the record at the May 19, 2020 hearing, the Court finds the reasoning, analysis, and ruling in *McCroy* instructive here. Accordingly, the Court **GRANTED** the motion to compel (Doc. 174), and **DIRECTED** the parties to meet and confer regarding the production of documents. Any documents produced pursuant to the Court's Order will be designated as "attorney's eyes only" and produced pursuant to an agreed protective order prepared by the parties. The undersigned questioned counsel for the IDOC Defendants on whether there were any specific documents, categories of documents, or sub-categories of documents that might require *in camera* review but the IDOC Defendants were unable to provide an answer at that time. Accordingly, if in the course of meeting and conferring on the production, certain documents responsive to the Plaintiff's request present security concerns or there are other legitimate reasons for nondisclosure (that are not addressed by the current restrictions in place), the parties may request an *in camera* review. However blanket objections or general assertions will not suffice.

IT IS SO ORDERED.

DATED:  May 19, 2020

**s/  Mark A. Beatty**
**MARK A. BEATTY**
**United States Magistrate Judge**